Pate *vs.* The Oglethorpe Fertilizing Company *et al.*

JOHN N. PATE, plaintiff in error, *vs.* THE OGLETHORPE FERTILIZING COMPANY *et al.,* defendants in error.

1. There is no provision of law for taking a second or supplemental homestead, although the one already taken be of less value than the maximum allowed by law.

2. If the head of a family, after securing homestead in realty and personalty, according to the act of 1868, sell the same (the personalty, by his own individual contract, without the co-operation of his wife and without consent of the ordinary,) and invest the proceeds in lands, taking title to himself, a court of equity will not, at his instance, enjoin his judgment creditor from levying upon and selling the lands as his property, on the ground that he has an application pending to set such lands apart as a homestead, or on the ground that they are the proceeds of a prior homestead.

Homestead. Injunction. Levy and sale. Before Judge HOPKINS. DeKalb county. At Chambers. February 12th, 1875.

Reported in the opinion.

E. N. BROYLES; H. C. JONES, for plaintiffs in error.

L. J. WINN, for defendants.

BLECKLEY, Judge.

Pate, it seems, secured a homestead, and then went to trading upon it according to his own fancy. He invested its proceeds in some other land, and his creditor came down upon it. Under the pressure of a levy, Pate applied to the chancellor for an injunction to restrain the creditor from selling out his new purchase. The chancellor granted a temporary restraining order, but afterwards, upon demurrer, dismissed the bill.

1. At the time of applying for the injunction Pate had a proceeding pending on appeal from the ordinary, which proceeding was commenced for the purpose of having this land assigned as a homestead, in addition to that which had been previously assigned, the latter being of small value, and both together not amounting to near as much as the law allows.

It would seem that there might be some reason for permitting successive assignments of homesteads until the maximum value allowed by the constitution is reached, but we are unable to find that the legislature has, up to this time, provided for any second proceeding. Until further legislation, we hold that there is no law for it.

2. Nor can we recognize Pate's right to call for the protection of a court of equity on the ground that the proceeds of the former homestead are invested in this land. There has been no legal sale of the homestead property—certainly none of the personalty, for in the sale of that the wife-did not join and the ordinary did not consent. Besides, a court of equity is under no obligation to respond to the call of a party to protect him against the consequences of his own breach of law. He had no right to enter upon the course of dealing which has involved him in trouble. According to his own showing, he has himself failed to respect the homestead right, but has invaded it. A court of equity ought to do nothing upon his application, whatever relief it might afford to his wife and children.

Judgment affirmed.