THE WHEELER & WILSON MANUFACTURING COMPANY *vs.* CHRISTOPHER.

Where a homestead has been set apart in certain property, but the proceeding is void as to a certain creditor for want of notice to him, the head of the family may re-apply, give him notice and have the property set apart as against him. The first proceedings not working an estoppel against the creditor without notice, does not estop the family from having a homestead set apart as against him.

Homestead. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1881.

Reported in the decision.

POPE BARROW; GEO. D. THOMAS; H. VAN EPPS, for plaintiff in error.

W. G. JOHNSON, for defendant.

JACKSON, Chief Justice.

The single question made in this record is, whether an effort having been made in 1876 to have a homestead set apart, but being void as the levying creditor for want of notice to him, another homestead in the same property could be set apart in 1881.

The court below held that it could be done, and the plaintiffs in error excepted.

There never was any homestead set apart as to this creditor. A void thing is nothing. Therefore a homestead might be set apart as to this creditor in a case against it, for the reason that the former one, though good as to those notified, was void as to it. And such is the spirit of the rulings in 50th *Ga.*, 216, and *Ib.*, 584. Nor is there any thing inconsistent therewith ruled by this court since. This is not an application for a supplemental homestead out of other property, and hence 54 *Ga.*, 515; 56 *Ib.*, 520; 61 *Ib.*, 501; and 63 *Ib.*, 167, do not apply.

v 68—42

Homestead proceedings are amendable.   61 *Ga.*, 385. Why may they not be perfected at any time before the creditor asserts his lien?

But we rest this case on the policy of the law, more fully recognized under the constitution of 1877 than ever before, that nothing short of waiver while title is in the head of the family is to defeat the right of the family, and that homestead may be piled now on homestead until the whole pile reached the value fixed in that constitution; and on the fact that the first homestead was void—nothing, as against this creditor.

If the head of the family could exempt other property from the grasp of all his creditors by another homestead, why not exempt this property from this creditor after notice? How is this creditor hurt?   The other judgment did not bind this firm or company.   The case is not *res adjudicata* as to these, because they had no notice. 47 *Ga.*, 504; 60 *Ib.*, 462.   Ought it then to be *res adjudicata* as to the homestead family?   Clearly not.   Yet such is the effect of this point.   The other party is concluded by a judgment which did not and could not affect this plaintiff in error, is the position taken.   We think it untenable.

When the new application was made, and this creditor was notified, this creditor had every right that it could have had if notified at the first application; and the agent only being then notified the homestead was held void as to plaintiffs in error at their own instance, and now the thing thus declared bad and void at their instance, is set up as so valid that it estops the defendant in error.

In view of the spirit of the constitution and the reasons above given, we think that a homestead, void as to a creditor for want of notice to him, may be made as to him a new and valid homestead by giving him all the rights he would have had, and the void homestead cannot estop the family from getting a valid one.

Judgment affirmed.