WEEMS *et al. vs.* HARROLD, JOHNSON & COMPANY *et al.*

In the case of *Weems, trustee, vs. Coker* (70 *Ga.*, 746), it was held that the chancellor, sitting at chambers, might grant to a trustee power, upon a petition regularly presented by all the parties, to encumber a trust estate by the execution of a mortgage, and that this jurisdiction, thus exercised, was as extensive and conclusive upon the rights of parties covered by the decree as it would have been had it been rendered upon a bill filed and a trial had at a regular term of court before the judge and jury. Nothing, however, was decided as to the extent to which this decree encumbered the trust property, or as to the respective rights and estates of the several *cestuis que trust* under the marriage settlement and the deed conveying the property in question. Nor was it determined what parties should have been before the chancellor.

(*a.*) *Semble,* that the minor daughter of Mr. and Mrs. Weems had a present interest in the trust estate and its preservation for her personal use under the trust deed allowing her father to manage and use the property, and apply the income arising therefrom " to the support, comfort, use and benefit of themselves and family," of which this minor, upon her birth, became a member; and if she was in existence and not represented by guardian *ad litem* when the decree was rendered, then her present interest in the property, be it much or little, may not have been bound by the decree entered at chambers upon the application and at the instance of the trustee. How far her enjoyment of this interest depended upon the discretion of her parents and of the trustee, and what effect this may have had upon a failure to represent her by guardian *ad litem* is not now before the court, and is not decided. 70 *Ga.*, 82.

(*b.*) Whether Miss Ingraham's interest in this trust property was properly represented before the chancellor when the order to encumber it was made at chambers, has not been decided by this court; and whether she was properly represented in subsequent proceedings, is a point in issue under the present bill, as also is the question whether the decree sought to be reviewed was entered into by consent, and whether the parties consent-

ing had authority so to do. A suit pending for the recovery of property duly prosecuted and not collusive, is notice to a purchaser, so as to affect and bind his interest by the decree. Under the English rule, the pendency of the suit begins from the service of the subpœna, but under our statute, it seems that the suit commences and is pending upon its filing in the proper office and the entry of filing thereon by the clerk. 35 *Ga.*, 215; Code, §3333.

(c.) No necessity for an injunction appears in this case, and its refusal was not error.

Judgment affirmed.

November 3, 1885.

HALL, Justice.

[Mrs. Ella R. Weems, on behalf of herself and her minor daughter, Ella B. Weems, and her imbecile sister, Miss Emma Ingraham, filed a bill in Lee superior court against Harrold, Johnson & Co. *et al.* The bill and exhibits showed, in brief, the following facts: On June 3, 1862, Mrs. Weems, then Miss Ingraham, entered into an anti-nuptial settlement with Walter H. Weems, who subsequently became her husband, and Henry Hurt and George T. Hurt, as trustees under such settlement. By the terms of this contract, all the property belonging to her was conveyed to the trustees on the following uses and trusts: That the *corpus* of the property should be for the sole use and benefit of the wife, as her separate estate, during her natural life, and should not be liable in any manner to the debts or contracts of her husband; that after the marriage, the trustees should permit the husband and wife to have possession and control of the property, and that they should be authorized to use the same and the income thereof for the support, comfort and benefit of themselves and their family; that the trustees should reduce to possession the property in which the wife was interested as soon as practicable, and deliver possession to the husband and wife; that the trustees might sell and re-invest on the same uses and trusts, on the written consent of the wife, manifested by joining them in the conveyance; that the wife should

have the power to change the trustees; and that the wife should have power to dispose of the property by will, or, in default thereof, upon her death, the *corpus* of the trust estate should be divided equally among her children who should survive her. Only one child was born of this marriage, namely, the minor who joins in this bill. The proceeds of the separate property of the wife was invested in a plantation in Lee county, the title to a one-half undivided interest therein being made to the husband, W. H. Weems, as trustee, under the marriage settlement. The other half interest was conveyed to one Hudson for the sole and separate use of Miss Emma Ingraham.

In 1878, the mother of Miss Ingraham petitioned the judge of the superior court to appoint W. H. Weems, as trustee, in place of Hudson, who had died, alleging that petitioner's daughter was more than twenty-one years of age, but was imbecile. The judge granted the petition, and the proceedings were entered of record in Lee county. In 1381, Weems, as trustee for his wife and Miss Ingraham, petitioned the chancellor at chambers to permit him to mortgage the trust property. He alleged that a debt had been incurred to Harrold, Johnson & Company in carrying on the farm and supporting the *cestuis que trust;* that he had executed a mortgage to them, which was due and unpaid; that he had no funds to pay it, but by making a mortgage to F. M. Coker, he could obtain funds to pay off the mortgage held by Harrold, Johnson & Company, and prevent a sacrifice of the property. Endorsed on this petition was an acknowledgment of service and a consent to its granting, signed by Mrs. Weems and the mother of Miss Ingraham. The chancellor granted the petition at chambers; the mortgage was made to Coker, who has since transferred it to Harrold, Johnson & Company, and the original evidences of indebtedness have been cancelled, but no money was actually advanced by Coker to the trustee. In 1882, Coker proceeded to foreclose the mortgage, but it is alleged that no service was perfected on Mrs. Weems or her daughter,

but the proceeding was against Weems as trustee. A rule absolute was granted, the case was carried to the Supreme Court, and the judgment there was reversed. See 70 *Ga.*, 746. When the case again came on for trial in the superior court, Weems and the attorneys representing him agreed to a decree, and a consent decree was taken, allowing a recovery of the principal and interest on the mortgage, and decreeing that fees should be paid to the attorneys for their services, both in that case and in a case of Stokes *vs.* Weems; that $86.20 be paid to Stokes on account of an indebtedness for which the trust estate was not liable; and that certain judgments against Weems be declared void. This arrangement was made without the knowledge or consent of the complainant, and she did not know of it until after thirty days after the adjournment of court. *Fi. fas.* were issued and levied on the trust property. It is alleged that the mortgage was invalid for want of power in the chancellor to grant the order to the trustee at chambers allowing it to be made; that the debt really was that of Weems; and that the whole proceeding was in violation of the marriage settlement; that Miss Ingraham really had no trust estate and did not live in Lee county, and that the court there was without jurisdiction as to her; that Mrs. Weems signed the acknowledgment of service on the proceeding to foreclose the mortgage without knowing what it was, simply because her husband asked her to do so; that the agreed decree was unauthorized and improper. It was also alleged that certain judgments were proceeding against the trust estate, which, in fact, were not charges upon it, and should not sell it; and by amendment, it was alleged that, under a judgment which complainant did not know about when she filed the bill, the property had been put up at sheriff's sale and bought in by Harrold, Johnson & Company, either directly or indirectly. The prayers were to review and set aside the consent decree stated above and the mortgage on which it was founded, and to enjoin the sale of the trust property or interference with its possession, and for subpœna and general relief.

It appeared from the record of the proceedings to foreclose the mortgage that D. A. Vason, who alleged that he was guardian *ad litem* for Miss Emma Ingraham, filed a defence, in which it was denied that there was any trust estate, or that Weems was authorized to represent her as trustee, or that the court had jurisdiction to appoint him as such.

The answers insisted that the trust estate was bound for the debts which were proceeding against it; that the entire matter had been adjudicated in a former decision; that there was no collusion or fraud of any sort; but that the consent decree was rendered in accordance with the best interest of the trust estate and with the concurrence of Weems, trustee, after it became evident that the mortgage could not be defeated; that there was a bill pending in Lee superior court to set aside the sale of the land under certain other *fi. fas.*, and that to dispose of the entire matter and to accommodate the trustee and for the benefit of the trust estate, the agreed decree was made; that all the parties were properly before the court, and what was done was done with notice to all the parties in interest.

On the hearing, the chancellor refused the injunction, and the complainants excepted.]