## STOWERS, trustee, etc., *v.* MATHEWS.

An exemption of personalty being void as to certain creditors for want of notice to them, it was the right of the head of the family to make another application for exemption, to give notice thereof to these creditors, and to have the same personalty exempted as to them. But if, before the allowance of the second application, the applicant had sold and parted with the title to and possession of a portion of the property, although he had included the same in the second application, the exemption thereafter allowed was, as to the property thus sold, ineffectual and void as to such creditors.

April 27, 1896.   Argued at the last term.

Levy and claim.   Before Judge Hutchins.   Hart superior court.   September term, 1894.

*O. C. Brown* and *A. G. McCurry*, for plaintiff in error.

Lumpkin, Justice.

In the case of *Wheeler & Wilson Manufacturing Co.* v. *Christopher*, 68 *Ga.* 635, this court decided that where a proceeding to set apart a homestead was void as to a particular creditor for want of notice to him, the head of the family could make a new application, give this creditor notice, and have the property set apart as against him. This decision was properly based upon the ground that, as the creditor in question was not estopped by the judgment rendered in the first proceeding, the family of the debtor were not concluded by it, and had the right to begin *de novo* as to this creditor and have set apart a home-

stead which would be good as against him.    This is good law, and we adhere to it.

It appears, however, in the present case, that a head of a family made an application for an exemption of personalty, of which application he failed to give one of his judgment creditors notice; that after the exemption had been allowed, the applicant sold and parted with the title to and possession of certain cotton which had been included in the exemption; the creditor referred to afterwards caused this cotton to be levied on while in the hands of the applicant's vendee, as the property of the applicant; and the latter then filed a second application for exemption, including therein the cotton in question, this time giving the creditor due notice.    The second application was allowed; and the question is: did the exemption thus obtained relate back and relieve the cotton from the lien of the creditor's judgment?    We think not, and for the reason that when the second application was made, the debtor no longer owned or controlled the property, and consequently, had no right to have it exempted.    He could not do so for the benefit of his family, because it had gone beyond his reach; and he had no right to have it exempted for the benefit of another into whose hands it had gone at a time when it was clearly subject to the creditor's judgment.

*Judgment affirmed.*