## WEEKES & SON *v.* EDWARDS.

The name of a partnership being included in the list of creditors attached to an application for a homestead, and the evidence of service upon this partnership being an affidavit in effect stating that the affiant had served the notice required by law upon the partnership by handing a copy thereof to one of its members, it was competent, on the trial of a claim case arising upon the levy of an execution in favor of the partnership on land embraced in the homestead, the claimant being a beneficiary of the homestead and claiming thereunder, for the plaintiff in execution to show that the homestead was void as to it, and, to this end, to prove that the notice referred to had never in fact been served.

Submitted April 21, — Decided May 22, 1897.

Levy and claim. Before Judge Butt. Talbot superior court. March term, 1896.

*Jesse J. Bull*, for plaintiffs.
*Persons & Son*, contra.

LUMPKIN, P. J. In 1889, a homestead was set apart to Henry H. Edwards as the head of a family. He subsequently died, and W. J. Weekes & Son obtained a judgment against his administrator. An execution issued thereon was levied upon land embraced in the homestead, to which Lizzie Edwards as a beneficiary thereof filed a claim. At the trial the claimant introduced in evidence the record of the homestead

proceedings, including a schedule of the applicant's creditors, in which appeared the name of the plaintiffs' firm. There was also an affidavit purporting to show that personal service of a notice of the application for a homestead, and of the time when and place where the same would be passed upon, had been made upon the firm of W. J. Weekes & Son by handing a copy of such notice to W. J. Weekes. This affidavit was signed, "Henry Lawson, L. C.," but it did not otherwise purport to have been made by Lawson as an official, and did not aver that he had served the notice to which it referred in his official character as constable. W. J. Weekes offered to testify that he had never, in point of fact, been served with any notice whatever of the homestead application. This testimony was objected to by the claimant, and excluded by the court, on the ground "that the judgment of the court of ordinary could not be collaterally attacked."

Certainly, the homestead was not valid as to W. J. Weekes & Son, unless the notice required by law was in fact served upon this firm; and the only question is whether or not it was competent for the plaintiffs in execution to prove there had been no service. Obviously, this was not a case where an effort was made to traverse the official return of an officer, and therefore one in which it was necessary to make the latter a party. Lawson's affidavit, though he was in fact a constable, was made by him merely as an agent for the applicant. Indeed, the law does not provide or contemplate that any service by an officer shall be made in cases of this kind. Civil Code, § 2832. As above stated, the homestead was not valid as to W. J. Weekes & Son, and we may go further and say that, as to them, it was absolutely void. This court held, upon similar facts, in *Wheeler & Wilson Manufacturing Co.* v. *Christopher,* 68 *Ga.* 635, that where a homestead had been set apart, and the notice required by law had not been given to a certain creditor, the homestead was void as to him for want of notice. Chief Justice Jackson said: "There never was any homestead set apart as to this creditor. A void thing is nothing." The doctrine of the case just cited was recognized in *Stowers* v. *Mathews,* 98 *Ga.* 371. It is well settled that a judgment which

is void "is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code, § 5369. "A judgment that is void may be attacked in any court and by anybody." Ibid. § 5373. It would therefore seem that even if the order of the ordinary setting apart the homestead should be treated as a judgment of the court of ordinary, it would be open to attack under the sections above cited; and it certainly would be if the ordinary, though acting upon homesteads in a judicial capacity, does so as a special functionary.

On the whole, we are of the opinion that the court below erred in rejecting the testimony offered.

*Judgment reversed. All the Justices concurring.*