## DAVIS *v.* MILLEN.

Where a tax execution has been, by the tax-collector, transferred to a private person, such transferee can not base upon it a garnishment proceeding against a debtor of the defendant in execution.

Argued June 20, — Decided July 14, 1900.

Garnishment. Before Judge Evans. Tattnall superior court. October term, 1899.

*E. T. Davis*, by *J. K. Hines*, for plaintiff in error.

SIMMONS, C. J. A tax execution was issued against Davis. It was afterward transferred to Millen, who sued out on it a summons of garnishment before a justice of the peace, and had the summons served on Swain. At the trial the defendant objected to the summons of garnishment as issued. The magistrate overruled the objections, and gave judgment against the garnishee. The defendant took the case by certiorari to the su-

perior court, where the certiorari was overruled. The defendant in execution excepted.

Summons of garnishment can in this State issue in but three classes of cases: (1) where there is a suit pending (Civil Code, §§ 4549, 4705); (2) where a judgment has been rendered by a court having jurisdiction (Civil Code, § 4705); and (3) where a tax-collector has issued an execution, has it in his hands, and, being unable to find any property of the defendant, makes an entry of nulla bona thereon (Political Code, §§ 895, 896). Process of garnishment issued in any other case or upon any other ground is without authority of law, and a judgment based upon it is binding upon no one. "As [garnishment] proceedings are purely statutory and can not be extended to cases unprovided for without mischief, the courts have no discretion to enlarge the remedy or hold under it either persons or property not made subject to the process. Writs of garnishment can issue only in the cases enumerated in the statute. To entitle the plaintiff to the benefit he claims, he must show that his case is one clearly contemplated by the statute, for the remedy can not be extended to doubtful cases." Rood, Garn. § 13. In the present case no authority for the issuance of the garnishment can be derived from the power given to tax-collectors by section 895 of the Political Code; for no effort was made to comply with its provisions, and the execution was not in the hands of the tax-collector. There is no general statute allowing garnishment proceedings other than as mentioned above, and we think that there was no authority for the present proceeding. A tax execution is not founded upon any judgment rendered by a court, and, therefore, can not be the foundation of a garnishment proceeding. The code requires a garnishment to be returned to the court in which the suit is pending or in which the judgment was rendered, except that where a tax-collector issues a summons of garnishment it shall be returned to the superior court. This clearly shows that the statute contemplates that, except where the tax-collector issues the summons, garnishment proceedings must be based upon a suit pending in some court or upon a judgment rendered by some court. In the present case the justice's court had no jurisdiction to issue the summons of garnishment and had no jurisdiction to try any issue made thereon. The judg-

ment was, therefore, necessarily void, and the judge of the superior court should have so declared upon the hearing of the certiorari. Where a justice's court, without jurisdiction of the subject-matter of the suit, renders a judgment, and the case is taken up by certiorari, the superior court should reverse the judgment. If the superior court affirms the judgment of the justice's court, this court will reverse the judgment of the superior court. *Judgment reversed. All the Justices concurring.*