### 3304.  WESTON *v.* BEVERLY & McCOLLUM.

1. Garnishment proceedings, being purely statutory, can not be extended to cases not enumerated in the statute, and courts have no right to enlarge the remedy or hold under it property not made subject to the process.
2. "Suit is the following of a person, and is not only not technically, but not even in common parlance, applied to seizures or proceedings in rem."
3. A suit or judgment on which valid garnishment proceedings are based must be a suit or judgment in personam, and not in rem.
4. The foreclosure of a laborer's lien, in which there is no levy, and no issue made by counter-affidavit, is in no sense a suit in personam, but is a summary proceeding in rem.

DECIDED JANUARY 15, 1912.

Certiorari; from Grady superior court—Judge Frank Park. March 6, 1911.

*J. Q. Smith, L. H. Foster,* for plaintiff.
*M. L. Ledford,* contra.

HILL, C. J.  Frank Weston foreclosed a laborer's lien against Lewis Weston, and seized under levy certain lumber as property of defendant.  A claim to this lumber was filed by the Dyson Manufacturing Company; whereupon Weston dismissed his levy and sued out process of garnishment, and had summons served upon the Dyson Manufacturing Company.  Subsequently Beverly & McCollum obtained a judgment against Lewis Weston in a suit on an account, which suit was pending when the foreclosure proceedings were instituted, and, on this judgment, obtained process of garnishment and caused summons to be served on the Dyson Manufacturing Company.  The garnishee answered, admitting indebted-

ness, and paid the money into court for distribution, and the justice awarded it to Beverly & McCollum on their judgment, as against the laborer's lien foreclosure proceedings. Frank Weston's petition for certiorari was dismissed by the judge of the superior court, and he excepted.

Only one question is raised for decision. Can garnishment proceedings issue on the foreclosure of a laborer's lien? If so, the plaintiff was entitled to the money paid into court by the garnishee. If not, the judgment of the justice, awarding it to the common-law judgment, was correct.

Summons of garnishment, under the statutes of this State, can issue only in three classes of cases: (1) where there is a suit pending; (2) where a judgment has been rendered by a court having jurisdiction (Civil Code of 1910, §§ 5094, 5265); and (3) where a tax-collector has issued execution, has it in his hands, and, being unable to find any property of the defendant, makes an entry of nulla bona thereon. Civil Code (1910), § 1154. Process of garnishment issued in any other case or upon any other ground is without authority of law. *Davis* v. *Millen,* 11 *Ga.* 452 (36 S. E. 803).

Garnishment proceedings are purely statutory, and can not be extended to cases not enumerated in the statute, and courts can not enlarge the remedy; and, to entitle one to the benefit of the statute, he must show that his case is clearly provided for. This remedy can not be extended to doubtful cases. Rood, Garnishment, § 13; *Davis* v. *Millen,* supra. The second and third cases where garnishment proceedings are provided for by the statutes above quoted are not applicable here.

Is the foreclosure of a laborer's lien a pending suit upon which garnishment process is predicable? We think not. It is in a very loose sense that a proceeding in rem can be called a suit. "Suit is the following of a person, and is not only not technically, but not even in common parlance, applied to seizures or proceedings in rem." The Little Ann (U. S.), 15 Fed. Cases, 622. The foreclosure of a lien is strictly a proceeding in rem. It pursues the property, and not the person. It does not become in any sense a suit until a counter-affidavit is made. Civil Code (1910), § 3366, par. 6; *Sams* v. *Covington Buggy Co.,* ante, 191 (73 S. E. 18). To authorize a valid garnishment, the judgment or decree upon

which it issues must be final, and must be in personam, and not in rem. 20 Cyc. 980, and citations.

We conclude that the judgment of the justice in awarding the fund paid into court by the garnishee to the judgment in personam was right, and there was no error.　　　*Judgment affirmed.*