### 5263.   OWENS *v.* COCROFT.

1. Mere consent of counsel in vacation to the reinstatement of a cause which has been dismissed in term time will not serve to confer jurisdiction upon the court, nor vitalize a judgment rendered after such void reinstatement, and which for that very reason is void. *Patterson* v. *Hendrix,* 72 *Ga.* 204; *East Tennessee, Virginia & Georgia R. Co.* v. *Greene,* 95 *Ga.* 736 (22 S. E. 658); *Commissioners etc.* v. *Hopkins,* 119 *Ga.* 909 (47 S. E. 319). Whether the judgment rendered would be enforceable as a contract need not now be decided.

2. In the absence of permission from his client, it was not within the power of counsel for the defendant (who later objected to the reinstatement) to consent that a judgment dismissing the plaintiff's action be vacated and the cause reinstated. See *Davis* v. *First National Bank,* 139 *Ga.* 702 (78 S. E. 190).

DECIDED FEBRUARY 4, 1914.

Appeal; from Putnam superior court—Judge James B. Park. September 15, 1913.

*M. C. Few,* for plaintiff. *W. T. Davidson,* for defendant.

RUSSELL, C. J.  This suit was brought in the county court of Putnam county, and a jury was demanded at the March term, 1909,—the trial term.  At this term the case was called, and on motion of the defendant the judge passed an order dismissing the suit for want of prosecution.  Shortly after the adjournment of the court, though upon the same day, the plaintiff's attorney arrived at the court-house, and entered into an agreement with the attorney for the defendant that an order should be taken from the judge, vacating the order of dismissal and reinstating the case. This order was passed by the trial judge on the date of the order of dismissal, and the case came on to be heard in the county court at the next term; at which term the defendant and his attorney were present, and in open court stated that they would confess judgment in favor of the plaintiff and depend upon their right to carry the case, by appeal, to the superior court.  A judgment, reciting these facts, was thereupon entered for the plaintiff.  After this judgment was taken, the defendant entered his appeal to the superior court, and the case was twice tried in the superior court before a jury, a verdict being rendered once for each party, and a new trial being granted in each instance.  The case came on for a third trial in the superior court at the September term, 1913, when a motion was made to dismiss the suit.  The defendant's counsel, in open court, admitted that the order of the judge of the county court, reinstating the case, was passed with his consent, being drawn jointly by himself and the attorney for the plaintiff; that he was present when judgment was finally taken in that court, and that he confessed judgment in favor of the plaintiff; but he contended that he had no authority to consent to the reinstatement, that the court was without jurisdiction to pass the order, and that for that reason the judgment was void.  The court sustained this contention and dismissed the suit.

There is a natural equity which is personally compelling in the argument of counsel for the plaintiff in error, to the effect that the defendant, after having confessed judgment and having thereafter appealed to the superior court, should be estopped from attacking the judgment of the county court reinstating the action after it had been dismissed.  And this view is strengthened, if possible, by the fact that the defendant has twice taken the chances of a verdict in his favor, by actively participating in the two trials

which have been held in the superior court. If the point involved were one incidental to the trial, instead of being one concerning the jurisdiction of the court, there could be no doubt that the defendant would be estopped. We think that there can be a waiver of many of the formal requisites of a trial, and even pleadings may be dispensed with when the consent of parties to this effect is approved by the trial court. And so the question in this case really turns upon whether, by consent of both parties to a cause, jurisdiction can be conferred upon a court (or rather upon a person who when court is in session would be clothed with authority as a court) in a case where, but for this consent, the court would have no jurisdiction, or in an instance where the personal tribunal is coram non judice. It is undisputed in the evidence that the judgment vacating the dismissal and reinstating the plaintiff's case in the county court was passed after the court had adjourned. The act of the learned and able lawyer who presides in the county court was, at the time he signed the order of reinstatement, merely a personal one. The judgment was coram non judice, and, under the rulings cited in the headnote, to which others might be added, the purported judgment was not merely voidable, but absolutely void. Some confusion has been created by the careless use of the word "void," as if it were interchangeable with the term "voidable;" in other words, the term "void" has sometimes been used in referring to proceedings merely voidable; but a judgment really void can not be vitalized by any subsequent action of the parties. A judgment that is void may be attacked in any court and by anybody. Civil Code, § 5968. It is well settled that after adjournment the court loses control of judgments rendered during the term, which the court might for any legal reason satisfactory to itself have vacated before adjournment, and these judgments thus become conclusive upon the parties, subject only to be set aside upon proper motion made to the court when in session at some subsequent time, and as provided by law.

The majority of this court is of the opinion that since the case was dismissed by a legal judgment, rendered before the adjournment of the court, the effort, subsequent to the court's adjournment, to reinstate the cause was futile, and, considered as a judgment, was wholly void. "The judgment of a court having no jurisdiction

of the person and subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code, § 5964. The county court of Putnam county, it is true, had jurisdiction both of the person of the defendant and of the subject-matter of the suit. That court entered a formal judgment dismissing the case. The attempt to enter a judgment reinstating the case, and the purported competing judgment, taken after the adjournment of the court, were void. We think that when the point was made the trial judge correctly held that the only valid judgment was that dismissing the suit, and that there was nothing before the court. Despite all that can be said as to the defendant's conduct, the order of dismissal in the county court destroyed its jurisdiction as to the original case, and as there was no case, there could be no appeal to the superior court.

It is not necessary at this time to decide whether the judgment reinstating the case, and taken with the defendant's consent, would be enforceable as a contract; for this view of the case is not now before us. We may say, however, in passing, that it would seem that unless the defendant himself consented to the action of his counsel in agreeing to the reinstatement, the defendant would not be bound thereby.                              *Judgment affirmed.*

Roan, J., dissenting. There is no contention but that the county court, in which this case was originally brought, had jurisdiction of the subject-matter of this suit, as well as of the person of the defendant. He appeared in court and confessed judgment. I concede that a judgment rendered by the judge in vacation, reinstating the case that had been dismissed in term time, was void for want of jurisdiction in the judge to pass such an order. But, granting that the order reinstating the case was a nullity, its only effect was to leave matters where they were before it was signed. The parties at the next term of court, instead of taking any notice of the order dismissing the case, proceeded on the pleadings originally filed, and the defendant confessed judgment and appealed from that judgment to the superior court; and the court acquiesced in this,—allowed them to proceed as they had agreed to do, by ignoring the order of dismissal passed by him at a former term of the court, and permitted the defendant to confess judgment in the county court and to appeal the case to the superior court from that

confession .of judgment. The appeal was twice tried in the superior court; at each trial a verdict was rendered, one in favor of the defendant and one in favor of the plaintiff, and a new trial was granted in each instance. When the case came on for a third trial in the superior court the defendant's counsel made a motion to dismiss the suit, and at the time he made the motion he admitted in open court that the order of the judge of the county court, reinstating the case, was drawn jointly by himself and the attorney for the plaintiff, and was passed by his consent, that he was present when the judgment was finally taken in the county court, and that he confessed judgment for the plaintiff. At the time he made the motion to dismiss he insisted that the order signed by the judge in vacation was void, and that for that reason the county court was without jurisdiction to try the case, and the superior court, on appeal, was without jurisdiction to try it; and that the case should be dismissed for that reason. The court sustained the motion and dismissed the case.

That consent alone can not confer jurisdiction I agree; but where, as in this case, not only the court in which the case was originally instituted, but the court to which it was appealed, had jurisdiction of the subject-matter, as well as of the person of the defendant, then the defendant may waive any personal privilege that he has, such as the privilege of objecting to irregularity of procedure in the trial; and if he does so, the judgment rendered will bind him. In the case of *Bostwick* v. *Perkins,* 4 *Ga.* 47, it was held: "Where a court has jurisdiction of the person and the subject-matter of the suit, and the defendant has some privilege exempting him from the jurisdiction, he may waive the privilege if he chooses to do so; as where a party was sued in a court of law, for a subject-matter more properly cognizable in a court of equity, and the defendant acquiesced in the jurisdiction of the court, and confessed judgment to the plaintiffs; the court refused to set aside the judgment on that ground, after the lapse of more than five years." It was held in *Central Bank* v. *Gibson,* 11 *Ga.* 453 (5): "When the court has jurisdiction of the person and subject-matter, and the defendant has some privilege which exempts him from the jurisdiction, he may waive the privilege, and in so doing will be bound by the judgment." There is a wide difference between mere

irregularity of procedure before a court of competent jurisdiction and entire absence of jurisdiction.

Can it be contended that if this controversy in the court below had resulted in favor of the defendant, and a final verdict had been rendered in his favor after the case was litigated through two or three different terms of court, he could not have pleaded res adjudicata against any subsequent suit that the plaintiff may have brought upon the same cause of action? Would not the plaintiff have been estopped from denying that it was a final proper adjudication of the controversy between them? And, as estoppels are mutual, should not the defendant now be estopped on account of his conduct from raising the question as to want of jurisdiction? The rule that parties by consent can not vest the court with jurisdiction or power not authorized by law and conferred upon it by the constitution is to be considered with this qualification: where jurisdiction has attached, as it did in this case originally in the county court, and the cause of action or subject-matter is legally and properly within the power and cognizance of the court, the court may proceed upon consent or stipulation with reference to the matters before it. The rule thus qualified applies where the court has jurisdiction of the case in controversy. Again, the principle as to consent has been held to be applicable only to the question of general jurisdiction to adjudicate as to the subject-matter, and not to the question as to whether the particular facts of the case bring it within that conceded jurisdiction. The rule that jurisdiction can not be conferred by consent does not cover cases where the agreement of the parties is in effect only waiving the ordinary process with which the power of the court is invoked, especially so where the court has general jurisdiction over the subject-matter, and has proceeded to final judgment without objection. So parties who consent that an order of court be made have been held to be obligated thereby even though the court had no power to make such an order. See 11 Cyc. 675-676. In Groves v. Richmond, 56 Iowa, 69 (8 N. W. 752), it was held: "The rule that jurisdiction can not be conferred by consent applies only where the court has not the right to assume general jurisdiction of the subject-matter of an action; where the court has such general jurisdiction the parties may waive the ordinary process by which it is invoked." That announcement was in a case where the district court granted

a writ of certiorari in a matter in which the circuit court had exclusive jurisdiction. It was held that an agreement of attorneys for the parties, that the action should be transferred to the circuit court and should stand as though originally commenced there, conferred upon that court jurisdiction to proceed and determine the questions involved in the action.

The defendant and his counsel in this case having appeared before the county court and confessed judgment, and appealed this judgment to the superior court after an order of dismissal at a prior term of the court had been taken for want of prosecution, and having litigated with the opposite party through several terms of the superior court and in two trials, in one of which the defendant prevailed and in the other the plaintiff, the verdict in each being set aside on motion for a new trial, it was too late for the defendant, when the third trial was about to be commenced, to move to dismiss the case for want of jurisdiction in the court, when the only reason assigned in that motion was the irregularity of the order reinstating the case passed in vacation. By his conduct he had waived this irregularity. Where the party knows of an irregularity of this kind, it is the fixed rule, observed in all the courts of this country, that he should come in at the first instance to avail himself of it, and not allow the other party to proceed and incur expense. It is not reasonable afterwards to allow the party to complain of an irregularity, when if he availed himself of it in the first instance, all that expense would have been rendered unnecessary; and if a party, after such an irregularity has taken place, consents to a proceeding which, by availing himself of the irregularity, he might have prevented, he waives all exceptions to the irregularity. This doctrine is long established, and well known, and extends so far that a person may be estopped, even in a criminal proceeding against him, from pleading an irregularity that he had notice of, where by his silence he has waived objection. The acquiescence of a party who might take objection to an error obviates its effect. Consensus tollit errorem.

For these reasons I am of the opinion that the court committed error in dismissing the case, and must, therefore, dissent from the views expressed by a majority of the court.