34686. REDWINE, Revenue Commissioner, *v.* MORGAN.

DECIDED JULY 1, 1953—REHEARING DENIED JULY 22, 1953.

*Eugene Cook, Attorney-General, George E. Sims, Jr., F. H. Boney, Assistant Attorneys-General, Broadus B. Zellars,* for plaintiff in error.

*S. T. Allen,* contra.

SUTTON, C. J. It appears from the record in this case that J. E. Morgan obtained a judgment against Claud D. Stovall in a justice court of Hart County, Georgia, for the principal sum of $125 and costs, and an execution issued on said judgment on December 3, 1951. On January 10, 1952, a garnishment proceeding, based on said judgment, was sued out in the Civil Court of Fulton County, and a summons of garnishment issued thereon was served on Charles D. Redwine, Commissioner of Revenue of the State of Georgia, on January 11, 1952. The garnishee in

his answer stated that he did not assent or consent to be made a party to said proceeding, and pled his sovereign immunity and asked that he be discharged from said proceeding; and his answer was traversed by the plaintiff, Morgan.

The trial of the traverse before a Judge of the Civil Court of Fulton County resulted in a judgment in favor of the garnishee, and, upon appeal to the Appellate Division of said court, this judgment was reversed. The garnishee, Charles D. Redwine, Commissioner of Revenue of the State of Georgia, filed an amendment to his answer in which he alleged that Claud D. Stovall was, on January 11, 1952, employed by the Department of Revenue of the State of Georgia as a tax agent at a salary of $250 per month, and that the amount of his salary since the service of the summons of garnishment and up to the date of filing the amendment was $662.14; that said sum had been paid by the Department of Revenue to said Stovall, and that he was no longer employed by the State of Georgia, his service having been terminated on February 29, 1952. The garnishee further stated, in his answer, that in giving this information he did not consent or assent to be garnished in the proceeding; that he did not assent or consent to a judgment against him in said case, and that he refused to do any and all of the acts declared to be necessary for him to do in § 46-805 of the Code of Georgia in order for a judgment to be entered against him as garnishee.

. The case was tried again before a Judge of the Civil Court of Fulton County, and it appears that the attorney for the garnishee stated, upon the trial of the case, that the garnishee did not assent or consent for a judgment to be rendered against him in said garnishment proceeding. The plaintiff in execution was denied a judgment condemning the funds in the hands of the garnishee, and a judgment was rendered in favor of the garnishee. This judgment was reversed by the Appellate Division of the Civil Court of Fulton County, with direction, one judge writing the opinion, one judge concurring specially, and one judge dissenting. The direction in the judgment of reversal was as follows: "It is therefore the opinion of the court that the within case must be reversed, and that on a subsequent trial, the official of the State shall be required by the trial court to consent to judgment against him on the trial of the case in an amount

sufficient to satisfy the plaintiff's claim, together with all necessary costs." The garnishee excepted to that judgment.

The question for determination is whether or not a valid judgment could have been rendered against the garnishee, the Commissioner of Revenue of the State of Georgia, under the facts of this case and the law applicable thereto.

Prior to the act of 1945 (Ga. L. 1945, pp. 438-441), a city, county or State government was not subject to the process of garnishment. The General Assembly in 1945 amended the garnishment laws of this State so as to make the salaries of officials and employees of this State and its subdivisions subject to garnishment under the terms and conditions as therein stated. The plaintiff in error contends that the 1945 act (Ga. L. 1945, p. 438, 440; Code, Ann. Supp., § 46-805) requires the assent and consent of a State official to a judgment against him in a garnishment proceeding, and that a judgment entered against a State official in a garnishment proceeding which does not show assent and consent to the judgment in the answer filed by the State official or does not show assent and consent of such State official in the trial of the garnishment case would be a nullity. The 1945 act is contained in the Code (Ann. Supp.) as §§ 46-801 to 46-806, inclusive. The caption of that act is as follows: "An Act to amend Title 46 of the Code of Georgia of 1933 entitled 'Garnishment', by adding thereto a new Chapter, to be known and numbered as 'Chapter 46-8', said Chapter to consist of the following new sections, to wit: Section 46-801, which shall provide that salary of officials of state, county, city or town may be garnished; Section 46-802, which shall provide on whom writ of garnishment shall be served; Section 46-803, which shall provide a definition of salary; Section 46-804, which shall provide for garnishment only after final judgment; Section 46-805, which shall provide that the assent of the government official garnished shall be necessary to judgment, and Section 46-806, which shall provide how check or warrant shall be drawn for money so condemned, and for other purposes."

Code (Ann. Supp.) § 46-805 is as follows: "Where an official of any of the said governments or other person herein designated, has been garnished, as provided by the preceding sections, and answer has been filed by said person, in accordance with

the mandate of said writ or summons, admitting that the branch of government which has been garnished is due, or will be due, the defendant in said garnishment proceedings, money for salary, and has said money for payment when due, the said answer must also show the assent of said official, or person hereinabove authorized, that judgment may be entered in said cause for the amount shown in said answer, or so much thereof as may be necessary to satisfy plaintiff's judgment. And in no case shall judgment against said official, or other person herein authorized and designated, as the agent of the garnishee, be entered by default, or on said answer, or in said garnishment proceedings, unless and until such assent and consent to said judgment is shown in said answer or in the trial of the garnishment case. When such final judgment is so entered, after trial of said proceedings, the said judgment shall be against the official or person hereinabove authorized to return said answer, as such official or agent of the garnishee, and said judgment shall show that said official or authorized person, as such agent of the garnishee, consented that said judgment be entered in said garnishment proceedings."

A garnishment is purely a statutory proceeding, and the statute authorizing such proceeding is to be strictly construed and is not to be extended beyond its terms and provisions. *Weston* v. *Beverly*, 10 *Ga. App.* 261 (1) (73 S. E. 404); *Few* v. *Pou*, 32 *Ga. App.* 620 (2) (124 S. E. 372); *Hartsfield Co.* v. *Zakas Bakery*, 50 *Ga. App.* 284 (177 S. E. 825).

Code (Ann. Supp.) § 46-805, authorizing a city, county or State official to be garnished, specifically states, "And in no case shall judgment against said official . . . be entered by default, or on said answer, or in said garnishment proceedings, unless and until such assent and consent to said judgment is shown in said answer or in the trial of the garnishment case." This language is clear and unambiguous and, in our opinion, can mean but one thing, and that is that no valid judgment can be rendered against such official until his assent and consent to said judgment is shown in his answer to the garnishment or in the trial of the garnishment case. This is what it says, and it is an elementary rule of construction that when a statute is clear and unambiguous it will be held to mean what it clearly expresses. *Barnes* v. *Carter*, 120 *Ga.* 895 (48 S. E. 387). Also, see *Board of Tax Assessors of*

*Decatur County* v. *Catledge,* 173 *Ga.* 656 (160 S. E. 909) ; *Standard Oil Co. of Kentucky* v. *State Revenue Commission,* 179 *Ga.* 371, 375 (176 S. E. 1). Where a statute is clear and unambiguous in its terms, a court does not have the right to construe it to mean something different from what it declares. The wisdom of the statute is a matter for consideration by the legislature. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334, 337 (12 S. E. 2d 355), and citations. It is only by the provisions of the act of 1945, amending the garnishment law of this State, that money due an official or employee of this State and its subdivisions can be garnished. This law provides upon whom the summons of garnishment may be served, and also provides that in no case shall judgment against such officials be entered unless and until the official's assent and consent to such judgment is shown in his answer to the garnishment or in the trial of the garnishment case. And where, as here, the garnishee did not assent and consent for a judgment to be rendered against him in this proceeding but specifically stated in his answer and on the trial of the case that he did not assent and consent for such judgment to be rendered, in these circumstances, a valid judgment could not have been rendered against the garnishee in this proceeding; and the Appellate Division of the Civil Court of Fulton County erred in reversing the judgment in favor of the garnishee in this case.

> *Judgment reversed. Felton and Worrill, JJ., concur.*