18430. RAGER v. MAXON SHIRT COMPANY.

HAWKINS, Justice. 1. While garnishment proceedings are purely statutory and cannot be extended to cases not enumerated in the statute, or to doubtful cases, and courts cannot enlarge the remedy, under the statute of this State, summons of garnishment can issue "in cases where suit shall be pending." Code (Ann. Supp.) § 46-101; *Davis* v. *Millen,* 111 *Ga.* 451, 452 (36 S. E. 803); *Weston* v. *Beverly & McCollum,* 10 *Ga. App.* 261 (73 S. E. 404); *Anderson* v. *Ledbetter-Johnson Contractors,* 62 *Ga. App.* 732 (9 S. E. 2d 860).

2. While the mere filing of a declaration without service on the defendant is not the commencement of a suit, and a petition so filed without service cannot be treated as "a pending suit" (*Cherry* v. *North & South Railroad,* 65 *Ga.* 633; *McClendon & Co.* v. *Hernando Phosphate Co.,* 100 *Ga.* 219, 28 S. E. 152; *Florida Central &c. R. Co.* v. *Ragan,* 104 *Ga.* 353, 30 S. E. 745; *Webb & Martin* v. *Anderson-McGriff Hdw. Co.,* 188 *Ga.* 291, 3 S. E. 2d 882), yet, the filing of a suit *followed by timely service* creates a "pending suit" from the date of filing within the meaning of the term, "in cases where suit shall be pending," as used in Code (Ann. Supp.) § 46-101. *Graves* v. *Strozier,* 37 *Ga.* 32; *Weems* v. *Harrold, Johnson & Co.,* 75 *Ga.* 866; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (8), 827 (56 S. E. 97, 8 L. R. A. (NS) 463, 115 Am. St. R. 118); *Simmerson* v. *Herringdine,* 166 *Ga.* 143, 148 (142 S. E. 687); *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (105 S. E. 596).

3. Where, as in this case, suit was filed in the Civil Court of Fulton County, on November 26, 1952, and on December 4, 1952, the attorney for the plaintiff made affidavit for garnishment on the ground of a pending suit, and garnishment based thereon was served on December 5, 1952, and proper service of process in the suit was made upon the defendant therein on December 9, 1952, the garnishment proceeding was not illegal or invalid because at the time of its issuance there was no pending suit against the defendant. *Graves* v. *Strozier,* 37 *Ga.* 32, supra; *Mutual Fertilizer Co.* v. *Henderson,* 18 *Ga. App.* 495 (89 S. E. 602); *Harbison* v. *Little & Son,* 51 *Ga. App.* 327 (180 S. E. 496).

4. The plaintiff's equitable petition in the superior court to enjoin the prosecution of the suit on account pending in the Civil Court of Fulton County, to consolidate it with the plaintiff's petition in the superior court, and to permit the plaintiff here, and the defendant in that suit, to set off as against the claim of the plaintiff in that case, who was a non-resident of the State of Georgia, damages alleged to have been sustained by reason of the alleged wrongful issuance and service of the garnishment proceeding—which, it was alleged, was illegally done and constituted an abuse of legal process, because at the time of its issuance service had not been perfected upon the defendant in the suit previously filed in the Civil Court of Fulton County, and that for this reason there was no suit pending at the time of the issuance of the garnishment proceeding—failed to state a cause of action, and the trial judge did not err in sustaining the general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 9, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*Abraham J. Walcoff,* for plaintiff in error.
*I. A. Blanch, Noah J. Stone,* contra.