### 40584. TROUP COUNTY BOARD OF COMMISSIONERS v. PUBLIC FINANCE CORPORATION.

EBERHARDT, Judge. 1. Where a county is the garnishee under *Code Ann. Ch.* 46-8, a valid judgment cannot be entered against the governmental unit without its consent as specifically provided for in *Code Ann.* § 46-805. *Redwine v. Morgan,* 88 Ga. App. 625 (77 SE2d 330). Hence any judgment entered without consent is void.

" 'A "void" judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever; it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril.' 1 Black on Judgments 248, § 170. When this court discovers from the record that a judgment brought here for review is void for any reason, it will of its own motion reverse it." *Adams v. Payne,* 219 Ga. 638, 639 (135 SE2d 423).

2. A void judgment may be attacked in any court and by any person. *Code* § 110-701. "[A] judgment really void can not be vitalized by any subsequent action of the parties." *Owens v. Cocroft,* 14 Ga. App. 322, 324 (80 SE 906). Consequently, a void judgment under *Code Ann.* § 46-805 could not be vitalized by the fact that a previous motion to set aside was overruled by the trial judge and no exception was taken by the county. The sustaining of a general demurrer to the petition to set the judgment aside was error.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

DECIDED APRIL 7, 1964.

*Trotter & Duncan, Thurman E. Duncan,* for plaintiff in error.
*James E. Weldon, E. W. Fleming,* contra.