41777, 41778.   UNDERCOFLER, Commissioner v. BROSNAN
(two cases).

BELL, Presiding Judge.   This is the second appearance of the same cases in this court.   See *Brosnan v. Undercofler,* 111 Ga. App. 95 (140 SE2d 517).   The State Revenue Commissioner filed affidavits in garnishment to collect a deficiency assessment of income taxes upon which executions had issued. Taxpayers filed dissolution bonds and traverses to the garnishee's answers, denying liability for the deficiencies assessed by the Commissioner.   This court affirmed the judgments of of the trial court sustaining the Commissioner's general demurrers to taxpayers' pleadings.   After the decision of this court was rendered in the former appearance of the cases, taxpayers filed motions to dismiss the garnishments, alleging that the Commissioner had failed to comply with provisions of *Code* § 92-7501.   *Held:*

As garnishment proceedings are purely statutory they cannot be extended to cases not enumerated in the statutes, and the courts have no power to enlarge the remedy or hold under it property not made subject to the process.   *Few v. Pou,* 32 Ga. App. 620, 625 (124 SE 372); *Arnold v. Citizens &c. Nat. Bank,* 47 Ga. App. 254 (3) (170 SE 316); *Redwine v. Morgan,* 88 Ga. App. 625, 628 (77 SE2d 330).

"Summons of garnishment can in this State issue in but three classes of cases: (1) where there is a suit pending (*Code* §§ 8-501, 46-101) . . . (2) where a judgment has been rendered by a court having jurisdiction (*Code* § 46-101) . . . and (3) where a tax collector has issued an execution, has it in his hands, and, being unable to find any property of the defendant, makes an entry of nulla bona thereon (*Code* § 92-7501). . . To entitle the plaintiff to the benefit he claims, he must show that his case is one clearly contemplated by the statute. . ." *Davis v. Millen,* 111 Ga. 451, 452 (36

SE 803); *Weston v. Beverly & McCollum,* 10 Ga. App. 261, 262 (73 SE 404).

The garnishments in question are not provided for in the first and second classes of cases. In the third class of cases authority for issuance of process of garnishment is conditional upon the entry of nulla bona upon the tax execution. *Code* § 92-7501. Since the affidavits in garnishment and the attached copies of the executions here failed to show this jurisdictional fact and since it was not shown by amendment duly offered (see *Stovall & Brother v. Joiner,* 10 Ga. App. 204 (73 SE 22)), it appears that the trial court was without jurisdiction of the subject matter of this litigation. As stated in *Davis v. Millen,* 111 Ga. 451, 452, supra, "Process of garnishment issued in any other case or upon any other ground [than those enumerated] is without authority of law, and a judgment based upon it is binding upon no one."

The trial court did not err in dismissing these garnishment proceedings.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED FEBRUARY 9, 1966—DECIDED APRIL 6, 1966.

*Arthur K. Bolton, Attorney General, John A. Blackmon, Assistant Attorney General,* for appellant.

*Fred E. Bartlett, Jr., Smith, Gardner, Kelley & Wiggins,* for appellee.