47167. PORTER-LITE CORPORATION v. WARREN SCOTT CONTRACTING COMPANY et al.

EBERHARDT, Presiding Judge. This is a suit filed October 21, 1971, by a manufacturer who shipped certain materials to a subcontractor on a public works job, seeking to re-

cover the price thereof from the prime contractor and the surety on the public contract bond which he posted for the job under *Code Ann.* § 23-1704 et seq.

Plaintiff alleges that materials of a fair value of $10,051 were supplied to the subcontractor, A & M Supply Company, and that it has not received payment therefor; that the materials (except for one window) were shipped to the job site in Americus January 6, 1971, and delivered shortly thereafter and the window was shipped April 12, 1971, and likewise delivered, it being the last of materials supplied.

By amendment plaintiff alleged that the prime contractor, Warren Scott Contracting Company, had actual notice of its claim, the nature and amount thereof by reason of telephone conversations between plaintiff's employees and its office employees on April 12, 1971, April 26, 1971, and April 28, 1971, and that written notice thereof had been given to the prime contractor by carbon copy of a letter written by plaintiff to the subcontractor dated April 12, 1971, but the contents of the letter are not alleged, nor is a copy attached as an exhibit.

Plaintiff also alleged that the prime contractor had waived the requirement of notice as provided by *Code Ann.* § 23-1708 when it made full payment to the subcontractor during the 90-day period within which it is required that the notice be given.

Defendant moved to dismiss the complaint because it fails to state a claim upon which relief can be granted, and from an order sustaining the motion plaintiff appeals. *Held:*

1. It is provided in *Code Ann.* § 81A-108 (a) that "any pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the claim *showing that the pleader is entitled to relief . . .*" And § 81A-109 (c) provides that "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred," and in subsection (f) that

"For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

2. Under *Code Ann.* § 23-1708 it is required that one furnishing labor or materials for a public contract job and who has no direct contractual relationship with the contractor who furnishes the payment bond, shall have a right of action on the bond "upon giving written notice to said contractor within 90 days from the day on which such person did or performed the last of the labor, or furnished the last of the material or machinery or equipment for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied," and that "Notice may be served by depositing a notice, registered mail, postage prepaid, duly addressed to the contractor at any place he maintains an office or conducts his business, or his residence, in any post office or branch post office or any letter box under the control of the Post Office Department, or notice may be served in any manner in which the sheriffs of Georgia are authorized by law to serve summons or process."

The question raised here is whether the allegations of the complaint, as amended, are sufficient to allege the giving of the required notice, or, if not, whether it sufficiently alleges a waiver of the notice.

3. The requirements of *Code Ann.* §§ 23-1704 through 23-1708 and of the Miller Act, found in 40 USC 270 (a) through 270 (d) are substantially the same. It appears that our statute is derived from the Miller Act. Consequently, the decisions of the federal courts construing the Miller Act are very helpful and most persuasive in construing our own statute. *McCallum v. Twiggs County Bank,* 172 Ga. 591 (1) (158 SE 302, 74 ALR 932); *Burkhalter v. Glennville Bank,* 184 Ga. 147, 157 (190 SE 644); *Hawes v. Bigbie,* 123 Ga. App. 122 (2) (179 SE2d 660). See also *Macon, D. & S. R. Co. v. Stephens,* 66 Ga. App. 636 (19 SE2d 32). The appellate courts of this State have

had little occasion to construe the notice provisions of *Code Ann.* § 23-1708, and consequently we look to decisions of the federal courts construing notice provisions of the Miller Act. Where the claim rests upon the provisions of a statute, it is elemental that the defendant is entitled to sufficient informative facts from the complaint to show that the plaintiff, if his facts be true, is within the terms of the statute in making his claim. Clyde v. Broderick, 144 F2d 348; Daves v. Hawaiian Dredging Co., 114 FSupp. 643, 645; Rosenberg v. Hano & Co., 26 FSupp. 160; Bucholtz v. Renard, 3 FRS2d 8a.25; Baird v. Dassau, 3FRS 8a.25.

4. "A condition precedent is one which must be performed or occur before a plaintiff may maintain his claim for relief and a plaintiff must allege in his complaint the performance or occurrence of all such conditions, or show a legally sufficient reason for their non-performance or non-occurrence, or a waiver of the conditions by the adverse party." Kooman, Federal Civil Practice, Georgia Treatment, p. 321, § 9.03. While performance of a condition precedent may be pleaded in general terms, "where the pleader . . . particularizes the allegations of compliance with a condition precedent and does not show that he comes within the terms of the contract [or statute], the complaint is insufficient." 2A Moore's Federal Practice, p. 1945, § 9.04. See also 5 Wright & Miller, Federal Practice and Procedure, p. 429, § 1303. If notice is required by the contract or by statute to be given within a specified time, the time of giving the notice must be alleged. Kooman, supra, p. 261, § 8.10. Here the statute requires that the notice be given in a particular manner—in writing, and that it be given within 90 days from the furnishing of the last labor or materials. The giving of the statutory notice is a condition precedent to the maintenance of an action on the claim. *Jenkins v. Gordy,* 105 Ga. App. 255 (1) (124 SE2d 303); *Ingalls Iron Works v. Standard Ins. Co.,* 107 Ga. App. 454 (1) (130 SE2d 606); Fleisher Engineering &c. Co. v. United

States, 311 U. S. 15 (61 SC 81, 85 LE 12); United States v. H. I. Lewis Construction Co., 375 F2d 194, 201 (1); Bowden v. United States, 239 F2d 572 (1), 577; United States v. Northwestern Engineering Co., 122 F2d 600 (2).

5. Is the notice sufficiently pleaded here to comply with the statutory requirements?

(a) Plaintiff first pleads notice by telephone calls made between its office employees and those of the prime contractor, giving the dates of the calls, in which the nature and amount of plaintiff's claim were revealed to the prime contractor. The dates are well within the 90-day period from the furnishing of the last item, a window, as alleged in the petition.[1] Pretermitting the matter of whether the telephone conversations as alleged were sufficient in content, they were not written as the statute requires, and oral notice, unless acknowledged in writing by the prime contractor, is simply insufficient as compliance. United States v. H. S. Kaiser, Inc., 270 FSupp. 215 (2); Houston Fire & Cas. Ins. Co. v. United States, 217 F2d 727 (2). A written acknowledgment of the oral notice by the prime contractor works a waiver that it be in writing. No such acknowledgment is alleged here.

(b) Plaintiff alleges that the prime contractor had actual notice of its claim by reason of the telephone calls, but actual notice or knowledge on the part of a prime con-

---

[1] If this window was supplied to remedy a defect, or to repair or replace a window broken in the course of construction, rather than as a part of the original construction, or pursuant to a guaranty of the material or work, it would not supply the date for the beginning of the 90-day period. United States v. H. I. Lewis Const. Co., 375 F2d 194, 200 (6), supra; United States v. Federal Ins. Co., 381 F2d 361 (2); United States v. Hesselden Const. Co., 404 F2d 774 (4); United States v. Fullerton Const. Co., 298 FSupp. 1157; General Ins. Co. v. United States, 409 F2d 1326 (2). This does not appear from the pleading, but may do so from the evidence.

tractor of the account owing by a subcontractor to a supplier of materials does not dispense with the necessity of a written notice as required by the statute. United States v. York Electric Const. Co., 184 FSupp. 520 (4).

It has been held that a sending to the prime contractor of copies of invoices of materials as they are delivered to the subcontractor does not amount to notice as required by the statute. United States v. Northwestern Engineering Co., 122 F2d 600; United States v. York Elec. Const. Co., 184 FSupp. 520; United States v. Continental Cas. Co., 195 FSupp. 177 (1). While it may serve to afford the prime contractor with information as to what materials are furnished and when, and the cost thereof, it does not give notice that they have not been paid for and that the supplier makes claim therefor against the prime contractor.

A letter addressed to the prime contractor asserting that it is the understanding of the supplier that payment will be made directly by the prime contractor to the supplier for materials to be furnished, or which have been furnished, under a written assignment from the subcontractor does not serve to give the statutory notice. United States v. Van de Riet, 316 F2d 912. Nor does a letter from the subcontractor to the prime contractor, stating the balance he owes to the supplier and authorizing direct payment. United States v. Thompson Const. Corp., 172 FSupp. 161. Nor is the required notice obviated by an agreement that checks are to be made payable jointly to the subcontractor and the supplier. United States v. Hesselden Const. Co., 404 F2d 774 (5), supra.

(c) Plaintiff alleges in general terms that defendant had notice of its claim "because of a letter written by plaintiff to A & M Supply Co. [the subcontractor] dated April 12, 1971, a copy of which was furnished the defendant, Warren Scott Contracting Company [the prime contractor]." This general allegation of notice is permissible as a pleading of notice. Since a copy of the letter is neither included in the petition nor attached as an exhibit, we are unable to determine whether its contents are suffi-

cient to measure up to the requirements of written notice as defined in the cases construing this provision of the Miller Act. If, when the letter is introduced as proof of the notice, it appears that the contents are sufficient and it appears that the letter was delivered within the required time, the notice is sufficient. If not, and nothing else appearing, a failure to comply with the requirement would entitle the defendant to a judgment, and it may well be that this can be resolved on a motion for summary judgment, or upon a motion for a directed verdict.

Concerning the requirements of the letter as constituting the statutory notice, see and compare Bowden v. United States, 239 F2d 572, 577 (cert. den. 353 U. S. 957 (77 SC 864, 1 LE2d 909)); United States v. Campbell, 293 F2d 816 (2); United States v. Perry, 115 F2d 724, and other cases cited, supra.

6. Is there a sufficient pleading of waiver of the notice by the prime contractor?

Plaintiff alleges that the notice requirement was waived "because defendant Warren Scott Contracting Company made payment for the materials sued for prior to the time plaintiff was required to give such notice," but it has been held that payment within the 90-day period to a subcontractor does not dispense with the necessity of the statutory written notice by the supplier to the prime contractor. United States v. York Elec. Const. Co., 184 FSupp. 520 (4), supra. A waiver did not result where, upon inquiry as to whether the subcontractor had been paid, the prime contractor informed the. supplier that nothing was owing to him. United States v. Northwestern Engineering Co., 122 F2d 600. Full payment to the subcontractor is no defense if the supplier of materials has complied with the provisions of the statute in giving notice and making claim against the prime contractor. United States v. Scotland Concrete Co., 294 FSupp. 1299.

Nor are the elements of estoppel supplied by the payment,

for it worked no advantage to the prime contractor or injury to the supplier. Their respective rights and positions relative to the supplier's claim remained the same. If the payment was made, it was without knowledge of the supplier's claim, and without any reliance on this conduct by the supplier, or any intention by the prime contractor that there should be. Cf. United States v. Glassman Const. Co., 397 F2d 8, where there was a claim of estoppel against the supplier by the prime contractor because of an agreement that checks be issued jointly to it and the subcontractor, and they had been so issued. Moreover, no estoppel is pleaded as is required under *Code Ann.* § 81A-108 (c).

A plethora of federal cases uniformly hold that the notice must be in writing, must be to the prime contractor, must inform him as to the nature and amount of the claim of the supplier, and that the supplier is making a claim therefor against him.

The cases generally hold that the Miller Act is to be liberally construed—including those which we have cited. We have held the same relative to our own statute. *Sommers Const. Co. v. Atlantic C. L. R. Co.,* 62 Ga. App. 23 (7 SE2d 429); *Ingalls Iron Works v. Standard Ins. Co.,* 107 Ga. App. 454, 458 (130 SE2d 606). However, the federal courts conclude relative to the notice requirement, and we conclude as to it under our own Act, that the statute is clear and unambiguous in its requirement that the written notice be given within the 90-day period after supplying the last of the labor or materials. This is not an unreasonable requirement when we consider that one who has no contractual relationship with the prime contractor seeks to establish a claim against him and his surety for materials furnished to another. If there were no requirement that the notice be in writing it would leave open the door for fraud as to what the content of the notice may have been and when it may have been given. If there were no limitation as to when it is to be given, it would leave the prime contractor exposed to lia-

bility for claims about which he may not know for the period of the statute of limitation. When a job has been finished the settlement of claims relative to it should proceed with promptness, and the statute is designed to bring this about.

The general pleading of notice by letter is sufficient as against a motion to dismiss, and for that reason the judgment of the trial court is

*Reversed. Clark, J., concurs. Deen, J., concurs in the judgment.*

SUBMITTED MAY 5, 1972—DECIDED JUNE 13, 1972.

*Crisp & Oxford, Henry L. Crisp,* for appellant.
*Smith & Hargrove, William E. Smith,* for appellees.

DEEN, Judge. I concur in the judgment only. As to the proof necessary on the trial of the case see Coffee v. United States, 157 F2d 968.