### 50437. AMCON, INC. et al. v. SOUTHERN PIPE & SUPPLY COMPANY, INC.

STOLZ, Judge.

The defendant general contractor appeals from the denial of its motion to dismiss the plaintiff materialman's complaint based on materials furnished defendant's subcontractor in construction of a public works job for DeKalb Sewerage Treatment Plants for $5,119.27.

On May 8, 1973, within the 90-day period specified in Code Ann. § 23-1708, the plaintiff's attorneys sent the following letter:

 "Mr. H. F. Cameron
 DeKalb County Water Department
 P. O. Box 1087
 Decatur, Georgia

 Dear Mr. Cameron:

 We represent Southern Pipe & Supply Company, Inc., which is owed $3,192.72 for invoices against Alright Trades, 2572 Lawrenceville Highway, Decatur, Georgia, who is a subcontractor on the DeKalb Sewage Treatment Plants, 4800 Buford Highway and 3592 Flat Shoals Road. The general

contractor is Amcon, Inc., Box 48107, Atlanta, Georgia.

This notice is given pursuant to Georgia Code, Section 23-1078.[1]

Please be governed accordingly.

Sincerely yours,
Arnall, Golden & Gregory
H. Fred Gober

HFG/rac
cc:
    Amcon, Inc.
    Alright Trades
    Sam Davidson
    Curtis Dyer"

On August 14, 1973, after other correspondence, the plaintiff's attorney advised the defendant bonding company's surety claims supervisor that "the total amount owed our client as of July 9 is $5,119.27," the amount ultimately sued for by the plaintiff.

The sole issue for determination is the sufficiency of the notice contained in the plaintiff's attorney's letter of May 8, 1973. *Held:*

In *Porter-Lite Corp. v. Warren Scott Const. Co.,* 126 Ga. App. 436 (3) (191 SE2d 95), this court noted that our statute (Code Ann. §§ 23-1704 through 23-1708) is derived from the Miller Act, found in 40 USC 270 (a) through 270 (d), and that this court would look to decisions of the federal courts construing the noted provisions of the Miller Act.

In Fleisher Engineering &c. Co. v. United States, 311 U. S. 1518 (61 SC 81, 85 LE 12), the United States Supreme Court, construing the notice provisions in a "Miller Act" case, stated, "In short, a requirement which is clearly made a condition precedent to the right to sue must be given effect, but in determining whether a provision is of that character the statute must be liberally construed so

---

[1]This is obviously a typographical error. The correct Code section is Code Ann. § 23-1708.

as to accomplish its purpose." The court went on to hold that the notice sent by ordinary mail was sufficient notwithstanding the statutory language directing that such be sent by registered mail. "We think the teaching of the cases which have dealt most soundly with questions regarding the sufficiency of notice when it is required to be given by Section 270b (a) may be fairly summarized as follows: The giving of the written notice specified by the statute is a condition precedent to the right of a supplier to sue on the payment bond; the writing must be sent or presented to the prime contractor by or on the authority of the supplier; and the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill." Bowden v. United States, 239 F2d 572 (1), 577. Essentially these same requirements were noted by this court in *Porter-Lite,* supra, p. 443, as well as the principle of liberal construction of the statute.

In the case sub judice, the notice was sent to the prime contractor, albeit a copy; no claim is made that it was not sent within the statutory period; it stated the name of the party to whom the materials were furnished or supplied. The discrepancy between the amount stated in the first letter and the amount ultimately sought, obviously takes into consideration materials furnished between May 8, 1973 (date of the first letter) and July 9.

In view of the remedial nature of the statute, whose purpose is to provide *notice of a claim* sufficient to place the general contractor and its bondsman in a position to protect themselves, we hold that this variance, which was corrected five months prior to suit being filed, does not work a forfeiture of the claim.

"In the case before us, although the tenor of the letters could have been more explicit, we believe that they were clearly designed to and did inform the prime contractor that his supplier was looking to him for payment of the subcontractor's bill." United States v. Freethy, 469 F2d 1348 (3), 1351.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED APRIL 9, 1975 — DECIDED APRIL 28, 1975.

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, G. Lee Garrett, Jr.,* for appellants.

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr., H. Fred Gober,* for appellee.