**YORK–SHIPLEY, INC., Plaintiff,**

v.

**AIR CONDITIONING CONTRACTORS, INC., and United States Fidelity & Guaranty Company, et al., Defendants.**

**FOSTER & COOPER, INC., Defendant and Third-Party Plaintiff,**

v.

**BALBOA INSURANCE COMPANY, Third-Party Defendant.**

**Civ. A. No. 78–1787A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 8, 1979.

---

Wayne H. Lazarus, John H. Watson, Stokes, Lazarus & Stokes, Atlanta, Ga., for plaintiffs.

J. Alexander Porter, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendants Foster & Cooper, Inc. and U. S. Fidelity & Guaranty Co.

Macey & Zusmann, H. William Cohen, Steve Schaikewitz, Atlanta, Ga., for defendant Air Conditioning Contractors, Inc.

DeWitte Thompson, Atlanta, Ga., for Balboa Ins. Co.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is a diversity action by a supplier of materials to recover on a payment bond issued in connection with a project known as the Atlanta Airport-Field Maintenance Project. The plaintiff has sued Foster & Cooper, Inc., the general contractor, and United States Fidelity Guaranty Company, the surety, along with the subcontractor, alleging that Ga.Code § 23–1708 affords it a cause of action even though no contractual relationship existed between it and the general contractor or the surety. The action is presently before the court on the motion of Foster & Cooper and Fidelity Guaranty for judgment on the pleadings.

The movants cite as authority for the instant motion the requirement of Ga. Code section 23–1708 that a supplier provide written notice of failure to receive payment within 90 days of the date on which materials or labor were last furnished. They contend that no notice at all was furnished by the plaintiff of non-payment until after 90 days had expired, and that even then the only notice provided was oral. The plaintiff answers, first, that oral notice is sufficient under the statute; second, that a letter sent from the plaintiff to Foster & Cooper a few days after the telephone call remedied any possible deficiencies in the oral notice; and finally, that the promise of the Foster & Cooper agent during the telephone call, that were the plaintiff unable to obtain satisfaction from the bonding company within two weeks, Foster & Cooper would pay the debt, constituted a waiver of Foster & Cooper's rights

to object to the timeliness of notice and estops Foster & Cooper from raising the issue of the timeliness of the notice provided. We agree with the movants, however, that plaintiff's notice was insufficient under section 23–1708. Because the parties have submitted affidavits in support of their respective positions, we grant summary judgment in the movants' favor pursuant to Rule 12(c), Fed.R.Civ.P.

The parties agree that the last day on which materials were delivered by the plaintiff to the subcontractor was November 4, 1977. They also agree that the telephone call was made on February 3, 1978, which was 91 days later. As a consequence, there was no communication between the parties within the 90-day period.

The Georgia statute is patterned after the Miller Act, 40 U.S.C. §§ 270a–270d, and the Georgia courts have made generous reference to federal law in applying section 23–1708. E. g., Amcon, Inc. v. Southern Pipe & Supply Co., Inc., 134 Ga.App. 655, 215 S.E.2d 712 (1975). Thus Georgia has followed the federal example of liberally construing the notice requirements of the section, so as to give effect generally to any writing sufficient to inform the reader that the supplier will seek payment from him.

"In short, a requirement which is clearly made a condition precedent to the right to sue must be given effect, but in determining whether a provision is of that character the statute must be liberally construed so as to accomplish its purpose."

Id., quoting Fleisher Engineering & Construction Co. v. United States, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940). As stated in Fleisher, however, the reason for the liberal construction given the substance of the notice is that proper notice is an absolute prerequisite to a Miller Act suit. While courts have been generous in determining what is valid notice, see Amcon, they have rigidly adhered to the command that notice be afforded within the time prescribed. Airtherm Manufacturing Co. v. Continental Casualty Co., 118 Ga.App. 159, 162 S.E.2d 752 (1968). Moreover, except where oral notice within the 90-day period has been followed by written acknowledgement by the contractor outside the period, Georgia courts have rejected oral notice as a substitute for the writing required by the statute. In Porter-Lite Corp. v. Warren Scott Contracting Co., 126 Ga.App. 436, 443, 191 S.E.2d 95, 100 (1972), the Georgia Court of Appeals wrote:

[T]he federal courts conclude relative to the notice requirement, and we conclude as to it under our own act, that the statute is clear and unambiguous in its requirement that the written notice be given within the 90 day period after supplying the last of the labor or materials. This is not an unreasonable requirement when we consider that one who has no contractual relationship with the prime contractor seeks to establish a claim against him and his surety for materials furnished to another.

The plaintiff has not cited, and we have not found, a case in which a Georgia or federal court has determined that the notice requirement was met where there was no communication whatsoever between the parties until after the 90-day period had expired. Even though the delay in this instance was, as a practical matter, insignificant, we find no basis for ignoring the clearly expressed time limitation on the right to sue granted by section 23–1708.

██ We agree with the movants that for an estoppel theory to prevail, there must, at a minimum, have been some communication between the parties during the 90-day period in which the plaintiff had not yet lost the right to sue. As the plaintiff's notice to the movants did not satisfy Ga.Code § 23–1708, the court will GRANT summary judgment in favor of Foster & Cooper and United States Fidelity & Guaranty on the plaintiff's claims against them.

Accordingly, the motion for summary judgment of defendants Foster & Cooper, Inc., and United States Fidelity & Guaranty Company is GRANTED and the plaintiffs' claims against them are DISMISSED.

IT IS SO ORDERED, this 8 day of March 1979.