### 69477. F. L. SAINO MANUFACTURING COMPANY, INC. v. FIREMAN'S FUND INSURANCE COMPANY.
#### (328 SE2d 387)

SOGNIER, Judge.

F. L. Saino Manufacturing Company, Inc. (Saino) brought suit against Fireman's Fund Insurance Company to obtain payment under a bond furnished to the State by Fireman's Fund on behalf of the general contractor, Williams Mobile Offices, Inc. Both parties moved for summary judgment. The trial court found in favor of Fireman's Fund on its motion and against Saino. Saino appeals.

After entering into a contract with the Georgia Department of Offender Rehabilitation, Williams Mobile Offices contracted with Modular Concepts, Inc. (Modular) for several mobile housing units. Modular placed several purchase orders with appellant for the provision of steel doors, frames and other items. Appellant made numerous shipments of the ordered equipment to Modular but Modular became in arrears on payment. Appellant's last shipment to Modular was March 8, 1983. On July 21, 1983, appellant sent a letter by regular post notifying Williams Mobile Offices of its claim against Modular.

Appellant contends the trial court erred by granting summary judgment to appellee and denying its motion because it timely notified appellee of its claim against Modular in compliance with the provisions of OCGA § 36-82-104. OCGA § 36-82-104 (b) states that in order for a party who has not been paid in full for labor or materials

furnished in prosecution of the work referred to in the bond to recover under the bond when there is no contractual relationship with the general contractor, that party must give "written notice to the contractor within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material or machinery or equipment for which such claim is made . . . ." The bond furnished by appellee contained essentially identical language. Appellant contends that because the goods it manufactured pursuant to Modular's January 26, 1983 order were completed on April 22, 1983, that those items were "furnished" to Modular on that date under the meaning of the statute even though appellant never shipped or delivered the goods to Modular. In *Porter-Lite Corp. v. Warren Scott Contracting Co.*, 126 Ga. App. 436, 438 (3) (191 SE2d 95) (1972), this court noted that our statute (now OCGA § 36-82-101 et seq.) is derived from the Miller Act, 40 USCA § 270a et seq., and thus we will look to decisions of the federal courts construing the noted provisions of the Miller Act. See also *Amcon, Inc. v. Southern Pipe & Supply Co.*, 134 Ga. App. 655, 656 (215 SE2d 712) (1975). The federal courts have said that "furnished" has no special meaning or connotation and must be considered as ordinarily used. *Woods Constr. Co. v. Pool Constr. Co.*, 348 F2d 687, 689 (1965). Webster's New International Dictionary (2nd ed., unabridged, 1960) defines the verb "furnish" as "To provide; supply; give; afford; specif.: *a*. To supply (a person or thing *with* something); . . ." It is evident that merely by manufacturing the goods requested, without any act of offering or delivering the goods, that appellant did not furnish, provide, supply or give them to Modular as is commonly contemplated by the use of the word "furnish." We note that this is not an instance where goods were wrongfully rejected or delivery refused by the buyer. See *United States v. Spearin, Preston & Burrows*, 496 FSupp. 816 (1980). Although the provisions of the commercial code allow appellant to segregate specially manufactured goods upon nonpayment by the buyer, see OCGA §§ 11-2-703, 11-2-704, we do not agree with appellant's argument that its unilateral act of storing the goods on April 22, 1983 constitutes some type of constructive delivery to comply with the provisions of OCGA § 36-82-104. And even assuming, arguendo, that April 22 was the proper day to determine when the last material was furnished, appellant's notice was sent on the last day of the statutory period by *regular* post, whereby notice is effective when received, rather than by *registered* mail, whereby notice is effective when properly addressed, registered and mailed. See *United States v. Continental Cas. Co.*, 245 FSupp. 871, 873 (1965). Thus the holdings in *Fleisher Engineering &c. Co. v. United States*, 311 U. S 15 (61 SC 81, 85 LE 12) (1940) (notice sent by regular post but received within the 90-day statutory period) and *Continental Cas. Co.*, supra (notice,

although sent on final day, was by registered mail) are both distinguishable.

Thus, because appellant failed to contact appellee within 90 days from the day on which appellant furnished the last of the goods, the trial court did not err by granting summary judgment to appellee and denying appellant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985.

*Michael V. Elsberry, David R. Bundrick*, for appellant.
*J. D. Humphries III, Richard J. Nikonovich-Kahn*, for appellee.