70820. PLAY SYSTEMS, INC. v. AMERICAN DRUGGISTS INSURANCE COMPANY.
(336 SE2d 308)

SOGNIER, Judge.

Play Systems, Inc. (Play Systems) brought this action against Mark Smith Construction Company, Inc. (Mark Smith Co.) and

American Druggists Insurance Company (ADIC) seeking payment for recreational equipment furnished by Play Systems to Mark Smith Co. Mark Smith Co. contracted with the City of Atlanta to install playground equipment in a city park and was bonded for performance and payment under the project by ADIC. ADIC moved for summary judgment on the ground that it had been discharged from the alleged debt pursuant to OCGA § 10-7-24. The trial court granted ADIC's motion for summary judgment and Play Systems appeals.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because of appellant's failure to first bring an action against Mark Smith Co., the principal contractor, before proceeding against appellee. Appellant argues that OCGA § 10-7-24, which provides that a surety shall be discharged if a creditor fails to bring an action against the principal within three months after notice by the surety to so proceed, is not applicable in this action on a bond provided under OCGA § 13-10-1. We agree.

OCGA § 13-10-1 requires that a contractor to a contract with certain governmental entities for any public work give both a performance and payment bond. The legislative purpose behind this requirement is "to protect those who furnish work, materials, etc., in the execution of contracts for public works to which the mechanic's-lien law does not apply." *Whitley v. Bryant*, 59 Ga. App. 58, 60 (200 SE 317) (1938). By its clear terms, OCGA § 36-82-104 (b), derived from the Miller Act, 40 USC § 270 (a)-(d), see *Amcon v. Southern Pipe &c. Co.*, 134 Ga. App. 655, 656 (215 SE2d 712) (1975), gives a direct right of action on a payment bond provided under OCGA § 13-10-1 (a) (2) to all persons furnishing work on material for the public improvement. See *B & B Elec. Sup. Co. v. H. J. Russell &c. Co.*, 166 Ga. App. 499 (304 SE2d 544) (1983). In furtherance of the legislative intent to protect those not otherwise protected under the mechanic's lien laws, our state "Miller Act," OCGA § 36-82-104, provides a legislative exception to the requirements of OCGA § 10-7-24 by authorizing a direct right of action to subcontractors and materialmen on a payment bond for a public work without the necessity of first proceeding against the principal contractor after notice. In the case sub judice, it is uncontroverted that the payment bond which is the subject of appellant's action against appellee meets the requirements of OCGA § 13-10-1 (a) (2). Compare *B & B Elec. Sup. Co.*, supra at 502. Further, there is no question that appellant is a materialman covered under Mark Smith Co.'s payment bond, see OCGA § 13-10-1 (a) (2), and that appellant proceeded against appellee in a timely manner under OCGA § 36-82-104 (b). Because there is no evidence that appellant's action against appellee under OCGA § 36-82-104 (b) is otherwise barred, see, e.g., OCGA § 36-82-105, the trial court erred by granting summary judgment in favor of appellee.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 8, 1985.

*Michael J. Reily*, for appellant.
*Mark A. Smith III*, for appellee.