## 75070. DENNY & ASSOCIATES, INC. v. SOUTHERN AGGREGATES COMPANY et al.

(363 SE2d 50)

SOGNIER, Judge.

Denny & Associates, Inc. (Denny) instituted an action against Southern Aggregates Company (Southern) as principal, and St. Paul Fire and Marine Insurance Company (St. Paul), as surety, to recover on payment bonds entered into under a public works project. The trial court denied Denny's motion for summary judgment, and the parties thereafter submitted the case on undisputed facts for decision by the court. The trial court dismissed Denny's complaint on the merits, and Denny appeals.

The record reveals that appellee Southern was the general contractor for the "Savannah Streets Project" and, as required by OCGA § 13-10-1 (a) (2), obtained payment bonds, with appellee St. Paul as surety, "for the use and protection of all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in [its] contract." Id. Appellant supplied plumbing supplies and materials to a subcontractor on the project, for which it was not paid.

OCGA § 36-82-104 (b) provides that a materialman such as appellant may bring an action to enforce a payment bond if he has not been paid. The statute further provides that if no contractual relationship exists between the materialman and the general contractor, the materialman shall have this right "upon giving written notice to the contractor within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material or machinery or equipment for which such claim is made . . ." The payment bonds made no mention of the 90-day notice requirement but by their terms provided a right of action on the bonds if brought within one year from the date on which final payment under the main contract falls due. Appellant gave no notice to the contractor within 90 days of furnishing the last supplies to the subcontractor but did comply with all the stated terms of the bonds.

OCGA § 36-82-104 is derived from the federal Miller Act, 40 USC § 270, and based on that Act and United States Supreme Court decisions construing it, we have held that the notice requirement in the statute is a condition precedent to the right to sue on the payment bond. *Porter-Lite Corp. v. Warren Scott Contracting Co.*, 126 Ga. App. 436, 438, 443 (191 SE2d 95) (1972). It is thus clear that the notice requirement must be met unless it has been waived.

Appellant contends that by omitting mention of the 90-day notice requirement from the bonds, appellees waived that requirement, and consequently the trial court erred both by denying its motion for summary judgment and by dismissing its complaint. We do not agree.

" 'Where a bond is given under the authority of a statute in force when it is executed, *in the absence of anything appearing to show a different intention* it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts . . . Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it . . .' " (Emphasis supplied.) *Campbell v. Benton*, 217 Ga. 368, 371 (122 SE2d 223) (1961).

This is not to say that such a notice requirement may not, as a matter of law, be waived, but only that no waiver may be presumed from the omission of such a requirement from the terms of the bond "in the absence of anything appearing to show a different intention." We are not persuaded that the reasoning of *Hub Elec. Co. v. Gust Constr. Co.*, 585 F2d 183 (6th Cir. 1978), cited by appellant, requires a different result. Although *Hub* was factually similar, the Michigan statute in *Hub* differs from the Miller Act and Georgia law by requiring that a 30-day notice be given as well as a 90-day notice. The materialman in *Hub* gave the 90-day notice but failed to give the 30-day notice. Under these facts, the *Hub* court's determination that the parties waived the 30-day notice may well have been based upon a finding that a "different intention" — i.e., an intention to waive the 30-day notice requirement — had been shown. Therefore, we decline to follow that opinion.

Under Georgia law and the federal cases interpreting the Miller Act, omission of the 90-day notice requirement from the terms of the bond cannot be construed as a waiver, and the record in the case sub judice contains no evidence of any other conduct from which such a waiver could be inferred. In the absence of such waiver, and in view of appellant's uncontroverted failure to comply with the notice requirement in OCGA § 36-82-104, the trial court correctly found as a matter of law that appellant could not recover on the bonds. See generally *F. L. Saino Mfg. Co. v. Fireman's Fund Ins. Co.*, 173 Ga. App. 753, 755 (328 SE2d 387) (1985). Accordingly, the trial court did not err by denying appellant's motion for summary judgment or by dismissing its complaint and entering judgment for appellee. See generally *Wallis v. Clerk &c., DeKalb County*, 166 Ga. App. 775, 776 (305 SE2d 639) (1983).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur and note that the trial court did not grant judgment for

defendants but rather dismissed the action although defendants were entitled to judgment on the merits.

Secondly, the court based its ruling on the premise that "there are no material facts at issue" and applied the law to "the undisputed facts." Thus it impliedly rejected the contention of plaintiff that the omission of the 90-day notice provision in the bond, considered together with two unrelated bonds in which the provision was included, proved an intent to waive the statutory notice. The fact of intent was sought to be placed in issue, but the court apparently refused to allow it to be made so, instead confining defendants to the four corners of the instrument.

I agree that a comparison of these two types of bonds given on different jobs is irrelevant to the fact question of intent, so that as stated in the opinion, "the record . . . contains no evidence of any other conduct from which such a waiver could be inferred."

DECIDED NOVEMBER 10, 1987.

David F. Walbert, Jesse B. Beasley, Jr., for appellant.
John M. Tatum, William G. Bell III, John B. Miller, for appellees.