A92A1319. TDS CONSTRUCTION, INC. v. BURKE COMPANY.
(425 SE2d 359)

JOHNSON, Judge.

The Burke Company brought this breach of contract action against TDS Construction, Inc. and Travelers Indemnity Company, seeking to recover damages under a payment bond. Judgment was entered on a verdict in favor of Burke, and this appeal resulted.

The pertinent facts are as follows: The Department of Natural Resources awarded a bid to TDS, a general contractor, to construct the new Department of Natural Resources building (the "DNR" project). TDS hired Barlow Construction, Inc., as a subcontractor, to perform certain concrete work needed on the DNR project. Barlow then entered into a rental agreement with Burke whereby Burke would

supply certain concrete forming equipment and other related materials to Barlow for its use in performing the subcontract work on the DNR project. Burke had furnished much of the necessary equipment required under the terms of its agreement when Barlow filed bankruptcy and abandoned the project. When Burke attempted to contact Barlow seeking to have the rented equipment returned, Barlow could not be located. Burke then contacted TDS requesting the return of the equipment. TDS refused to return the equipment. Ultimately, Burke was able to obtain replacement equipment from a supply yard in Florida and made arrangements to send a crew to recover the equipment remaining at the DNR project site.

Burke filed this suit against TDS seeking reimbursement for the equipment which Barlow had not returned. Burke asserted that it was entitled to bring suit against TDS and Travelers for damages incurred due to Barlow's breach under the terms of the payment bond Travelers issued to TDS. A jury returned a verdict in favor of Burke, awarding damages in the amount of $36,424.53. TDS appeals from the judgment entered on the verdict and the denial of its motion for a new trial.

1. TDS contends that the trial court erred in allowing Burke to present evidence of damages relating to certain materials it supplied to Barlow, known as "alumna beams." TDS argues that the beams were used on a different project than the DNR project and, therefore, Burke was not entitled to damages arising from their use. This enumeration is without merit.

Materials are presumed to be used on a particular construction project when it is shown that the materials were delivered to the project for that purpose, and the burden is on the owner of the project to prove that the materials were not so used. *Sanford v. Hodges Builders Supply*, 166 Ga. App. 86, 87 (2) (303 SE2d 280) (1983). In the instant case, Burke presented evidence in the form of shipping tickets indicating the delivery of alumna beams for use on the DNR project. There are no other shipping tickets which show that the equipment was shipped to a project other than the DNR project. Moreover, we find no evidence in the record which adequately rebuts the presumption that the materials were used on the DNR project.

Under OCGA § 36-82-104 (b) the "Little Miller Act," Burke would be entitled to recover under the bond for materials furnished for use in the construction of the DNR project, even if the materials were diverted to another project, as long as Burke had a reasonable, good faith belief that the materials were ultimately intended for the DNR project. See *United States &c. Mfg. Co. v. Kelley*, 456 F2d 148, 151-152 (III) (9th Cir. 1972). Georgia courts have recognized the decisions interpreting the federal Miller Act, 40 USC § 270a et seq., are persuasive authority in interpreting the Georgia Little Miller Act,

OCGA § 36-10-4 through OCGA § 36-82-104. See *Amcon v. Southern Pipe & Supply Co.*, 134 Ga. App. 655, 656 (215 SE2d 712) (1975); see also *Porter-Lite Corp. v. Warren Scott Contracting Co.*, 126 Ga. App. 436, 438 (3) (191 SE2d 95) (1972). There is nothing in the record indicating that Burke had anything but a reasonable belief that the materials it supplied were to be used on the DNR project.

A motion for a directed verdict or j.n.o.v. is only properly granted when the evidence presented *demands* such a ruling. See *Mercer v. Woodard*, 166 Ga. App. 119, 127 (13) (303 SE2d 475) (1983). Accordingly, the trial court did not err in denying TDS' motions for directed verdict and j.n.o.v.

2. TDS contends that the trial court erred in allowing Burke to present evidence regarding damages incurred outside of the express terms of the rental agreement. TDS argues that Burke's pleadings and its pre-trial order assert a breach of contract action, therefore, any evidence of damages outside of the express terms of the rental agreement was improperly admitted. This argument is without merit.

The rental agreement states, "additional equipment may be rented at a 30% discount off list rental rate." This statement within the contract necessarily contemplates the delivery of additional, unspecified materials to Barlow. Furthermore, in cases where "there is an express contract, if services not contemplated by the original agreement become necessary to achieve the contractual objective and are rendered and accepted, the law implies and enforces performance of a promise to pay for such extra services." *Puritan Mills v. Pickering &c. Co.*, 152 Ga. App. 309, 310 (1) (262 SE2d 586) (1979). To the extent that rented materials which were not specifically found in the agreement were necessary for Burke to perform its duties under the agreement, damages for their loss are recoverable and no count for damages in quantum meruit was required to be pled. Accordingly, the trial court did not abuse its discretion in allowing such evidence to be admitted.

3. TDS contends that the trial court erred in permitting one of Burke's witnesses to remain in the courtroom in violation of the rule of sequestration. We have held that decisions regarding exceptions to the rule of sequestration in order to facilitate the orderly presentation of evidence are a matter within the discretion of the trial court. *Ryles v. State*, 177 Ga. App. 537 (339 SE2d 792) (1986). We find no abuse of the trial court's discretion under the particular circumstances in this case.

4. TDS contends that the trial court erred in refusing to give its request to charge regarding mitigation of damages.

The trial court does not commit error in refusing to give a jury charge which is not tailored to the evidence and the issues in a case. See *Travel Agency Group v. Henderson Mill Travel*, 193 Ga. App.

882, 885 (1) (389 SE2d 511) (1989). There is no evidence in the record which would warrant a charge on mitigation of damages. The trial court properly refused the requested charge on that issue.

We find no error for any reason assigned and since the judgment entered on the verdict is supported by competent evidence, the judgment must be affirmed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1992.

*Wilkes, Johnson & Smith, Kris Knox*, for appellant.
*Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Charles V. Choyce, Jr., Bovis, Kyle & Burch, James P. Diwik*, for appellee.