A94A2831. DEVORE & JOHNSON, INC. v. BOWEN & WATSON, INC. et al.

(453 SE2d 67)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of the motion for summary judgment filed by appellees Bowen & Watson, Inc. and Employers Insurance of Wausau, and denial of the motion for summary judgment filed by appellant Devore & Johnson, Inc. (Johnson), in an action to recover on three separate payment bonds.

Bowen & Watson, Inc. was the general contractor for the construction of Simpson Elementary School, Habersham Central High School, and Georgia Industrial Institution. As a prerequisite to the acceptance of the contracts for the construction of these projects, Bowen & Watson, Inc. obtained payment bonds with Employers Insurance of Wausau as surety pursuant to OCGA § 13-10-1. Phillip Cody, Sr., d/b/a Cody Mechanical Company (Cody) was hired by Bowen & Watson, Inc. as a subcontractor, and Johnson supplied electrical and plumbing supplies to Cody which were used in connection with those projects. Cody subsequently failed to pay Johnson for materials furnished on the projects.

On February 24, 1993, when Bowen & Watson, Inc. contacted Johnson concerning invoices that Cody had prematurely submitted to the company for payment, Johnson informed Watson that Cody had not been current in making payments on past invoices. Bowen & Watson, Inc. then requested a list of unpaid invoices for other projects due from Cody. Johnson sent a letter dated March 16, 1993, to Bowen & Watson, Inc. advising the company of the remaining past due balances owed by Cody, and requested a meeting in reference to the balances due. This letter was sent to Bowen & Watson, Inc. by certified mail.

In addition to listing the past due amounts on the projects for which Cody was furnished materials, Johnson stated in the letter that "[w]e have worked closely with Phillip Cody in an effort to bring these accounts to a current basis. We regret the necessity of informing Bowen & Watson Construction Company but obviously, the size of the account has a definite affect on our own financial structure. The situation has become progressively worse in recent months. We would like very much to meet with both you and Phillip in an effort to reach a satisfactory solution." Two months later, Cody filed a Chapter 7 bankruptcy petition.

1. "OCGA § 36-82-104 (b) provides that a materialman such as appellant may bring an action to enforce a payment bond if he has not been paid. The statute further provides that if no contractual relationship exists between the materialman and the general contractor, the materialman shall have this right upon giving written notice to

the contractor within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material or machinery or equipment for which such claim is made." (Punctuation omitted.) *Denny & Assoc. v. Southern Aggregates Co.*, 184 Ga. App. 832 (363 SE2d 50) (1987). The statute is remedial in nature and therefore should be liberally construed to accomplish that objective. *Huddleston Concrete Co. v. Safeco Ins. Co. of America*, 186 Ga. App. 531 (1) (368 SE2d 117) (1988).

"The giving of the written notice specified by the statute is a condition precedent to the right of a supplier to sue on the payment bond; the writing must be sent or presented to the prime contractor by or on the authority of the supplier; and the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill." (Punctuation omitted.) *Amcon, Inc. v. Southern Pipe &c. Co.*, 134 Ga. App. 655, 657 (215 SE2d 712) (1975), quoting *Bowden v. United States*, 239 F2d 572, 577 (1) (9th Cir. 1956). OCGA § 36-82-100 et seq. is derived from the federal Miller Act, 40 USC § 270a et seq., and decisions interpreting the Miller Act have been recognized by Georgia courts as persuasive authority. *TDS Constr. v. Burke Co.*, 206 Ga. App. 223 (1) (425 SE2d 359) (1992).

In *United States v. Freethy*, 469 F2d 1348 (9th Cir. 1972), the Court found that two letters sent to the prime contractor satisfied the notice requirements under the Miller Act and sufficiently informed the prime contractor that the supplier was looking to him for payment. The initial letter informed the prime contractor of the current balance which was subject to adjustments. In closing, the supplier stated that he would appreciate any help that the prime contractor could provide in bringing the account up to date. The Court found important the fact that the initial letter included computations of the outstanding amounts and that the follow-up letter included a detailed statement of the adjustments. Considering the facts presented in the case at bar, we find the *Freethy* decision persuasive.

The notice sent to Bowen & Watson, Inc. included the name of the party to whom the materials were furnished and computations of the outstanding balances on several projects. Although the letter did not specifically indicate that it was sent for the purpose of providing Bowen & Watson, Inc. with notice pursuant to the statute, such indications could be found to be implicit in the letter and therefore in compliance with OCGA § 36-82-104. The fact that the letter was sent certified mail is some indication that Johnson intended same to be notice pursuant to the statute. "[A]lthough the tenor of the [letter] could have been more explicit, we believe that [it] w[as] clearly designed to and did inform the prime contractor that his supplier was looking to him for payment of the subcontractor's bill." (Punctuation

omitted.) *Amcon, Inc.*, supra at 657, quoting *Freethy*, supra at 1351. Accordingly, the trial court erred in granting Bowen & Watson, Inc. and Employers Insurance of Wausau's cross-motion for summary judgment and denying Johnson's motion for summary judgment as to the issue of notice.

2. Johnson further asserts that the trial court erred in considering Bowen & Watson, Inc. and Employers Insurance of Wausau's cross-motion for summary judgment which was filed 33 days prior to the entry of the court's order on the motions. However, in *Rasmussen v. Nodvin*, 174 Ga. App. 203 (329 SE2d 541) (1985), this court upheld the trial court's grant of a cross-motion for summary judgment filed one day before the hearing where the issue of the two motions were the same. The court noted that care should be taken that the party against whom summary judgment is rendered has had a full and fair opportunity to show that there is no genuine issue of material fact to be tried and that the party is entitled to summary judgment as a matter of law. Id. In the present case, the issues addressed in both motions for summary judgment are the same, that is, whether Johnson complied with the statutory prerequisite for recovery on the payment bonds. Johnson has had a fair opportunity to respond on this issue.

3. Johnson also contends that the trial court erred in failing to consider its supplemental affidavit filed on July 15, 1994, fourteen days after the July 1, 1994 motion hearing, and two days after the expiration of the extended time period provided by the trial court for its filing. Under OCGA § 9-11-56 (c), a party opposing a motion may serve opposing affidavits prior to the day of hearing on the motion. "The court is vested with discretion as to whether to consider affidavits untimely served. [Cits.]" *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 64-65 (397 SE2d 576) (1990). We cannot say that the trial court abused its discretion in failing to consider Johnson's untimely filed affidavit.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 13, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995 — ▮▮▮▮▮▮▮▮

*Fortson, Bentley & Griffin, Ernest De Pascale, Jr., Roy E. Manoll III*, for appellant.
*James E. Cornwell, Jr.*, for appellees.